1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS P.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case No. C22-5133-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1962; has a high school diploma and fire, automotive, and welding training; and previously worked as an auto shop cleaner and laborer.  AR 281, 365-66.  Plaintiff was last gainfully employed in 2017.  AR 382.

In November 2013, Plaintiff applied for benefits, alleging disability as of November 1, 2013.  *See* AR 14, 165-66.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 114-16, 119-23, 128-31.  After the ALJ conducted a

hearing in June 2016 (AR 32-67), the ALJ issued a decision finding Plaintiff not disabled.  AR 14-27.

The Appeals Council denied Plaintiff's request for review (AR 1-6), and the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings.  AR 429-40.  On remand, the ALJ held a hearing in May 2019 (AR 373-401) and subsequently found Plaintiff not disabled.  AR 353-66.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff engaged in substantial gainful activity between December 2016 and June 2017.  The remainder of the decision applies to periods when Plaintiff was not engaged in substantial gainful activity.

**Step two**:  Plaintiff has the following severe impairments: depression, anxiety, and attention deficit hyperactivity disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform a full range of work at all exertional levels, but is limited to simple, repetitive, routine tasks with no more than occasional contact with supervisors and co-workers, and no contact with the general public.

**Step four**:  Plaintiff can perform past relevant work as a shop clean-up person and laborer/clean-up person.

AR 353-66.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 333-35.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in assessing the 2018 opinion of Kathleen Mayers, Ph.D., specifically in finding it unambiguous, and in assessing Plaintiff's concentration, persistence, and pace (CPP) abilities. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

A.      The ALJ Did Not Err With Respect to Dr. Mayers' 2018 Opinion

In a prior court remand order, the ALJ was instructed to obtain an additional consultative psychological examination if he intended to credit a State agency opinion suggesting that such an examination was necessary.  AR 429-40.  On remand, the ALJ did credit the State agency opinion and thus obtained a consultative psychological examination in 2018, performed by Kathleen Mayers, Ph.D.  *See* AR 353, 364-65, 737-46.

At the hearing, counsel argued that Dr. Mayers' 2018 report and accompanying form were ambiguous and that further clarification was needed.  AR 376-78.  The ALJ disagreed, finding no clarification to be necessary.  *See* AR 353, 476-78.  The ALJ gave significant weight to Dr. Mayers' 2018 opinion, finding it consistent with the treatment record as well as with Dr. Mayers' examination findings.  AR 364.

To this Court, Plaintiff now renews the argument he presented to the ALJ: that the record is not fully developed because Dr. Mayers' 2018 examination report and form opinion are ambiguous as to the extent of Plaintiff's limitations.  Specifically, Dr. Mayers described Plaintiff's abilities as "fair", "average" and "poor" and Plaintiff argues that the meaning of these terms requires clarification.  Dkt. 18 at 8-9.  The ALJ disagreed, finding no ambiguity and "no need to question Dr. Mayers orally or in writing."  AR 353.

The Court agrees with the ALJ, finding that when Dr. Mayers' narrative report is read in conjunction with her form opinion, there is no ambiguity.  Although Dr. Mayers described Plaintiff's abilities as generally "fair," other than his "poor" math skills, she also clarified the extent of Plaintiff's cognitive and social limitations in a checkbox opinion, describing his limitations as either none, mild, or moderate, and each of those terms was defined on the form.  *See* AR 741-42, 744-45.  Plaintiff emphasizes that Dr. Mayers' form opinion did not elaborate on

his CPP limitations, other than identifying them as "fair." Dkt. 18 at 9.  Yet Plaintiff has not

shown that the ALJ erred in construing Dr. Mayers' report as a whole to suggest that Plaintiff

had some limitations in this area, but that they would not prevent him from completing simple

tasks, given that Dr. Mayers also described Plaintiff as having "fair to average" concentration for

three-stage tasks and "fair" task persistence.  *See* AR 741.  The ALJ limited Plaintiff to

performing simple, repetitive, routine tasks (AR 359), which is reasonably consistent with the

limitations Dr. Mayers described.

Even if Dr. Mayers' opinion could also be interpreted to describe more limiting

restrictions, Plaintiff has not shown that the ALJ's interpretation was unreasonable and thus the

ALJ's interpretation should be upheld.  *See, e.g.*, *Shaibi v. Berryhill*, 883 F.3d 1102, 1107-08

(9th Cir. 2017) (finding that because the ALJ reasonably interpreted the "moderate" limitations

identified in credited opinion evidence in crafting the RFC assessment, the ALJ's assessment

was supported by substantial evidence even if the opinions could have also been interpreted to

describe more limiting restrictions).  As noted by the Commissioner (Dkt. 19 at 7-8), "fair" is

defined to mean "adequate" or "sufficient but not ample", and Plaintiff has not shown that

further clarification of Dr. Mayers' terminology was needed, particularly because the ALJ

interpreted Dr. Mayers' opinion in light of Plaintiff's mental health treatment record.  *See, e.g.*,

*Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

The Court also rejects Plaintiff's invitation (Dkt. 18 at 9) to find ambiguity in Dr.

Mayers' characterization of Plaintiff's prognosis as "fair to poor."  *See* AR 741.  Dr. Mayers'

prediction regarding Plaintiff's prognosis is not part of her medical source statement regarding

Plaintiff's functionality (*see id.*), and a prognosis is not generally relevant to determining a

person's limitations during an adjudicated period.  *See, e.g.*, *Stephens v. Colvin*, 2015 WL

3430586, at *9 (N.D. Cal. May 28, 2015) (finding that an ALJ erred in citing a doctor's hopeful prognosis as a reason to discount the doctor's description of Plaintiff's limitations, because a prognosis relates to the future rather than the claimant's allegation of disability during the adjudicated period). Because Dr. Mayers' opinion as to Plaintiff's future prognosis is not relevant to her medical source statement describing Plaintiff's current functional limitations, it does not create a relevant ambiguity.

For all of these reasons, Plaintiff has not established any harmful error in the ALJ's assessment of Dr. Mayers' 2018 opinion or in the ALJ's finding that Dr. Mayers' opinion was unambiguous.[3]

**B.     The ALJ Did Not Err in Assessing Plaintiff's CPP Abilities**

Plaintiff notes that when assessing the severity of his mental impairments at step three, the ALJ found that he had a moderate limitation in CPP. Dkt. 18 at 9 (referencing AR 358-59). Plaintiff suggests that the ALJ's decision is internally inconsistent because the ALJ described that moderate CPP limitation but did not mention this limitation in the RFC assessment or vocational expert (VE) hypothetical. Dkt. 18 at 9-10. Plaintiff also contends that the ALJ had no basis to translate a moderate CPP limitation into a restriction to simple, repetitive, routine tasks. *Id*.

---

[3] Plaintiff's brief notes that he testified that Dr. Mayers examined him for 35 minutes. Dkt. 18 at 5 & n.9. Plaintiff also notes that Dr. Mayer diagnosed Plaintiff with bipolar disorder, but the ALJ instead listed depression at step two. Dkt. 18 at 8. Although Plaintiff appears to find these facts significant, in neither instance does Plaintiff's brief connect them with any particular assignment of error. Accordingly, the Court need not further address these issues.

Plaintiff's brief also addresses the legal standards related to an ALJ's discounting of a claimant's testimony. *See* Dkt. 18 at 4-5 & n.7. The purpose of this material is unclear and it may have been included inadvertently. The Court will not construe it as a challenge to the ALJ's assessment of Plaintiff's testimony, given that no such challenge was listed as an assignment of error (Dkt. 18 at 1-2) and the remainder of the brief does not address the ALJ's reasons for discounting Plaintiff's testimony.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

1    Plaintiff's arguments fail to appreciate the difference between an ALJ's step-three

2    findings, which are used to assess the severity of an impairment, and the RFC assessment, which

3    "requires a more detailed assessment by itemizing various functions" of workplace activity.

4    Social Security Ruling 96-8p, 1996 WL 374184, at *4 (Jul. 2, 1996) (explaining that the

5    assessment of the "paragraph B" criteria at steps two and three is not an RFC assessment).

6    Moreover, Plaintiff fails to acknowledge that the medical opinion evidence that the ALJ credited

7    identifies the concrete restrictions the ALJ included in the RFC assessment.  Specifically, a State

8    agency consultant found that despite moderate CPP limitations, Plaintiff nonetheless retained the

9    ability to complete simple to moderate tasks on a full-time basis.  *See* AR 99.  The ALJ also

10   discussed other evidence related to Plaintiff's CPP abilities, namely his ability to work in 2017

11   and his treatment notes describing him with intact attention, concentration, and memory.  AR

12   362-63.  Plaintiff has not shown that the ALJ's assessment of this evidence is unreasonable, or

13   that the ALJ otherwise erred in fulfilling his duty to "translat[e] and incorporate[e] clinical

14   findings into a succinct RFC."  *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006

15   (9th Cir. 2015).  Because the ALJ's RFC assessment was consistent with the credited opinion

16   evidence and the longitudinal record, the Court rejects Plaintiff's contention that the ALJ failed

17   to fully account for the moderate CPP limitation identified at step three when assessing

18   Plaintiff's RFC.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding

19   that "an ALJ's assessment of a claimant adequately captures restrictions related to [CPP]

20   where the assessment is consistent with restrictions identified in the medical testimony").

21   Plaintiff suggests that the VE would not have found a "moderate" CPP limitation to be a

22   vocationally relevant term, but that the VE should have been asked whether a moderate CPP

23   limitation would be accommodated by a restriction to simple, repetitive, routine tasks.  Dkt. 18 at

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

10.  But the ALJ, not the VE, is tasked with crafting an RFC assessment, and VEs do not have expertise in translating clinical findings into vocationally relevant terms.  *See, e.g.*, Hearings, Appeals and Litigation Law Manual I-2-6-74(C), *available at* https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-74.html (last visited Sep. 20, 2022) (instructing ALJs to "not permit the VE to respond to questions on medical matters or to draw conclusions not within the VE's area of expertise.  For example, the VE may not provide testimony regarding the claimant's [RFC] or the resolution of ultimate issues of fact or law.").

Because the ALJ properly relied on the record in crafting the RFC assessment in vocationally relevant terms, the Court rejects Plaintiff's assignment of error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 21st day of September, 2022.

S. KATE VAUGHAN
United States Magistrate Judge